IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff - Respondent,

v.                                                                              CIV 11-1135 LH/KBM
                                                                            CR 08-0683 LH

ERIC MADRID,

    Defendant - Movant.

## ORDER ON PENDING DISCOVERY MOTIONS

THIS MATTER is before the Court on several pending motions in which the Defendant seeks discovery prior to filing an amended Section 2255 motion. *See Docs. 36, 37, 38 & 39.* Having reviewed the motions and briefs of the parties and the relevant authorities, I find that the motions are well taken in part and will be granted in part.

As way of background, Defendant entered into a conditional guilty plea reserving his right to appeal the denial of his motion to suppress. In this habeas action, the Court previously found that Defendant's trial counsel was ineffective with reference to the failure to file a timely appeal. *Doc. 25.* As a result, Senior District Judge C. LeRoy Hansen then vacated the judgment and reentered it to allow Defendant's newly appointed attorney to perfect a notice of appeal and stayed this § 2255 civil action as to its remaining claims until that appeal had been decided. *See Doc.25* and Doc.118 in CR 08-0683*.*

The Tenth Circuit affirmed the denial of Defendant's motion to suppress, s*ee* Doc.134 in CR 08-0683, and a briefing schedule was set on his habeas corpus petition.[1] At the request of Defendant's counsel, the briefing schedule was suspended to permit investigation, possibly including the deposition of trial counsel and his investigator, into the remaining ineffectiveness claims and possible amendment of the Petition.  *See Doc. 34.*

As the Government points out, "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course."  *Doc. 40* at 1 (quoting *Bracy v. Nelson*, 520 U.S. 899, 904 (1997)).  "Under this 'good cause' standard, a district court should grant leave to conduct discovery in habeas corpus proceedings only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is . . . entitled to relief. . . .'"  *Lindsey v. Bradshaw,* 2006 WL 840383 at *3 (S.D. Ohio 2006) (unpub.) (quoting *Bracy*, 520 U.S. at 908-09) (allowing petitioner to depose his attorney at trial and the defense investigator and the issuance of a subpoena duces tecum "for production of all case files, documents, and notes in his possession pertaining to petitioner's case").

### Motion for Permission to Conduct Depositions *(Doc. 39) and* Motion for Subpoenas Duces Tecum *(Doc. 36)*

Defendant seeks to permission to depose his trial attorney, Cliff McIntyre, and the defense investigator, LeRoy Sandoval.  *Doc. 39.*  He also requests issuance of a

---

[1] While the federal form labels a § 2255 action as a "motion," the common practice in the Tenth Circuit and this Court refers to the document as a "petition." *See, e.g., United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012); *United States v. Nick*, CIV11-0217 MCA/KBM (Doc. 14).

subpoena duces tecum commanding production of all of their records and files "pertaining to their representation of Mr. Madrid in the underlying criminal proceeding in this case." *Doc. 36.* Evidently, Mr. McIntyre and his investigator initially cooperated in discussing this case with habeas counsel, but since have declined to speak with him or to provide materials, including the case file and potentially relevant recordings and documents. *Doc. 36* at 2. The Government disputes that Defendant has shown the potential materiality of the information he seeks, but I disagree.

Having reviewed the transcript of the suppression hearing, Doc. 64 in CR 08-0683, Officer Sanchez and Lt. Stoyall testified that it was Officer's Sanchez discovery of the rifle which established probable cause for Defendant's arrest on a charge of felon in possession of a firearm. Defendant contends that Officer Sanchez arrived at the scene at least twenty minutes **after** the time testified to by both Lt. Stoyall and Officer Sanchez. Defendant posits that defense investigator Sandoval's recorded interview with Lt. Stoyall would have impeached that trial testimony thereby supporting an argument that the length of the investigatory detention exceeded the permissible bounds established by *Terry v. Ohio*, 392 U.S. 1(1968).

Because neither Mr. McIntyre nor his investigator will voluntarily speak with habeas counsel and they have refused to turn over the case file or any recordings, Defendant has sufficiently demonstrated that the information he seeks is not otherwise available. *See e.g.*, *U.S. v. Frye*, 385 Fed. Appx. 370, 371 (5th Cir. 2010) ("Frye's motion for return of his files is a motion to compel discovery that could be appropriately filed in his § 2255 proceeding"). Thus, the Court will grant the motion for permission to conduct depositions and first motion for subpoena duces tecum to "more fully develop"

the facts. In doing so, however, the Court takes no position as to the ultimate merits of the theory Defendant puts forth in this habeas context.

### Second and Third Motions for Subpoenas Duces Tecum *(Doc. 37& 38)*

Defendant also wants MHQ of New Mexico to produce "any and all purchase orders, installation orders or equipment orders for any and all dash cam systems and/or GPS monitoring systems installed by MHQ on behalf of the Bernalillo Police Department from 2005 to 2007, as well as a list of the enabled and disabled features for any such dash cam and GPS monitoring systems." *Doc. 37.* Similarly, Defendant seeks a subpoena duces tecum commanding production by the Town of Bernalillo of "any and all financial data and records concerning police vehicle dash cameras, GPS monitoring equipment, and all other communication equipment for police vehicles, including installation pay-outs for all such equipment, from 2005 to 2007." *Doc. 38.*

As to both of the motions, Defendant maintains that such wide sweeping discovery: (1) is unavailable from any other source, and (2) will verify Officer Darrell Sanchez' arrival time at the scene of Mr. Madrid's arrest. *Id.* at 2. Simply put, I am unpersuaded that Defendant has met his burden to demonstrate that such overly broad and extensive information could or would bring forth evidence material to this habeas case. Therefore, the second and third motions for subpoena duces tecum will be denied.

### Second Motion to Suspend Briefing Schedule *(Doc. 44)*

Given the rulings above, the Court will grant Defendant's motion for an extension of time to file an amended petition. Such amended petition will be due twenty-one days after habeas counsel receives the case file and any recordings and has had the

opportunity to depose trial counsel and his investigator.

**IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE